James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:      (212) 374-0009
F:      (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOVANNY BAEZ,

|                                   |              |                       |
|-----------------------------------|--------------|-----------------------|
|                                   |              | Case No.              |
|                                   | Plaintiff,   | **COMPLAINT**         |
| -against-                         |              |                       |
|                                   |              |                       |
| COUNTY READY MIX CORP. and        |              |                       |
| JOSEPH STASI,                     |              |                       |
|                                   | Defendants.  |                       |

---

Plaintiff, JOVANNY BAEZ ("Plaintiff"), by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, COUNTY READY MIX CORP. and JOSEPH STASI (collectively, "the Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid wages at the overtime wage rate for all hours worked over forty (40) hours in a work week; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid wages at the overtime wage

1

rate for all hours worked over forty (40) hours in a work week; (3) liquidated damages; (4) statutory penalties for violations of NYLL 195(1) & 195(3); (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff JOVANNY BAEZ is an adult resident of Suffolk County, New York.

6. Upon information and belief, Defendant COUNTY READY MIX CORP. is a domestic business corporation, organized and existing under the laws of the State of New York with a place of business at 478 Grand Blvd, Westbury, New York 11590.

7. Upon information and belief, Defendant JOSEPH STASI is a resident of the state of New York.

8. Upon information and belief, Defendant JOSEPH STASI is an owner, officer, director, and/or managing agent of Defendant, COUNTY READY MIX CORP. and who participated in the day-to-day operations of corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

9. Defendant JOSEPH STASI exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and

methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

10. At all relevant times, COUNTY READY MIX CORP., was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by COUNTY READY MIX CORP.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff for all hours worked and wages at the overtime wage rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

13. Plaintiff was hired by Defendant JOSEPH STASI in 2014 to work at COUNTY READY MIX CORP. as a mechanic and equipment operator.

14. During the course of Plaintiff's employment, Defendant JOSEPH STASI was in charge of setting Plaintiff's rate of compensation and Plaintiff's work schedule.

15. During his employment by Defendants, Plaintiff worked over forty (40) hours per week. Plaintiff regularly worked six days a week, 60 to 70 hours per week.

16. From April 2015 until March 2021, Plaintiff usually worked six days a week Monday, Tuesday, Wednesday, Thursday, Friday and Saturday from 7:00 a.m. to 5 p.m.

17. Approximately once a month Plaintiff would also work on Sunday from 7:00 a.m. to 4:00 p.m.

18. Plaintiff was paid $40.00 per hour for forty (40) hours a week, regardless of the number of hours he worked.

19. Plaintiff was not paid an overtime premium for hours worked in excess of forty (40) hours in a work week, in fact Plaintiff was not paid any amount for the hours worked in excess of forty (40) hours in any given week.

20. For instance, for the week of August 23, 2020 to August 29, 2020 Plaintiff worked sixty (60) hours. Plaintiff was paid $1,600.00 for the week. Plaintiff should have been paid $2,800.00 for all hours worked, including the overtime premium for hours worked in excess forty (40) hours in a work week.

21. Defendants' failed to pay Plaintiff for all hours worked or an overtime premium for hours worked in excess of forty (40) in a work week.

22. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for all hours worked and overtime wages for the total hours worked over forty (40) hours in a work week, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

23. Plaintiff was not provided with a wage notice pursuant to NYLL §195(1) by Defendants within 10 days of the start of his employment, nor any time thereafter.

24. Plaintiff never received proper wage statements pursuant to NYLL §195(3).

25. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

## COUNT 1

### [Violation of the Fair Labor Standards Act]

26. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "25" of this Complaint as if fully set forth herein.

27. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000.00).

29. Plaintiff was entitled to be paid wages at the minimum wage rate for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

30. At all relevant times, each of the Defendants had, and continues to have a policy and practice of refusing to pay Plaintiff at the overtime wage rate for all hours worked over forty (40) hours in a work week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

31. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by Defendants' failure to compensate Plaintiff wages at the minimum wage rate for all hours worked and wages at the overtime rate for all hours worked over forty (40) hours in a work week when they knew or should have known such was due and that non-payment of wages at the minimum wage rate and failure to pay the overtime wage rate for hours worked in excess forty (40) hours in a work week would financially injure Plaintiff.

32. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon. Plaintiff is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

39. Defendants, pursuant to their policies and practices, refused and failed to pay Plaintiff wages at the minimum wage rate for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in a work week.

40. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL.

41. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

42. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages for all hours worked over forty (40) hours in a work week, attorney's fees, and costs and disbursements of this action, pursuant to NYLL § 663(1)

et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) and § 198.

## COUNT 3

### [Failure to provide a Wage Notice]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

44. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

45. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL § 195(1), within ten (10) days of the start of Plaintiff's employment nor anytime thereafter.

46. Through their knowing or intentional failure to provide the Plaintiff with a wage notice as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

47. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice, reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. Defendants have willfully failed to supply Plaintiff with accurate wage statements, as required by NYLL, § 195(3).

50. Through their knowing or intentional failure to provide the Plaintiff with wage statements as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

51. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement, reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOVANNY BAEZ, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and unpaid overtime wages for all hours worked over forty (40) hours in a work week due under the FLSA;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages for all hours worked and failure to pay overtime wages for all hours worked over forty (40) hours in a work week pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages and unpaid wages at the overtime wage rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked and Defendants' failure to pay wages at the overtime wage rate for all hours worked over forty (40) hours in a work week, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      April 13, 2021                      Respectfully submitted,

                            By:     *James F. Sullivan*
                                  James F. Sullivan
                                  Law Offices of James F. Sullivan, P.C.
                                  52 Duane Street, 7th Floor
                                  New York, New York 10007
                                  T:     (212) 374-0009
                                  F:     (212) 374-9931
                                  *Attorneys for Plaintiff*
                                  jsullivan@jfslaw.net